IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00310-REB-CBS

RANDALL GUY and JUSTIN GUY,

    Plaintiff,

v.

MENDAKOTA INSURANCE COMPANY, a corporation,

    Defendant.

_____

**ANSWER TO AMENDED COMPLAINT WITH JURY DEMAND**
_____

For its Answer to the Amended Complaint, Defendant states as follows:

1. Paragraph 1 of Plaintiffs' Complaint contains a summary of Plaintiffs' action against Mendakota and does not contain any specific allegations of fact to which Mendakota can either admit or deny. To the extent a response is required, the allegations are denied.

2. Defendant admits the allegations contained in paragraph 3, 5, 6, 8, 22, 25, 32, 36, 37, 38, 39, 40, 41 and 42.

3. Defendant admits the allegations contained in paragraphs 2, 9, 10, 11, 12, and 13 upon information and belief.

4. With respect to paragraph 4, Defendant admits that this action was originally filed in Denver District Court, and denies all remaining allegations contained therein.

**EXHIBIT 2**

5. Defendant denies each and every allegation contained in paragraphs 27, 31, 43, 44, 45, 51, 52, 53, 54, 57, 58, 59, 60 and 61.

6. With respect to paragraph 7, Defendant admits that the policy provided liability coverage limits for bodily injury of $25,000 per person and $50,000 per accident, admits that the policy provides defense benefits under the terms and conditions of the policy, affirmatively states that the policy speaks for itself, and denies all remaining allegations contained therein.

7. With respect to paragraph 14, Defendant admits that it was timely notified of the accident.

8. With respect to paragraph 15, the same contains conclusions of law as opposed to allegations of fact. The law speaks for itself, and the conclusory allegations contained in said paragraph are denied.

9. With respect to paragraph 16, Defendant admits that a recorded statement of Justin Guy was taken, admits that Justin Guy provided his description of the events involved in the subject accident, and states that the transcript of the statement speaks for itself.

10. With respect to paragraph 17, Mendakota admits that it received the police report referred to on or about the date alleged, and further states that the police report speaks for itself.

11. With respect to paragraph 18, Defendant admits that it was advised of the cost of Paul Savages' medical bills in or about March 2008.

12. With respect to paragraph 19, Defendant admits that it received a letter of representation from attorney James Chalat on about the date alleged, and admits the remaining allegations contained therein.

13. With respect to paragraph 20, Defendant admits the allegations contained therein, except with respect to the date contained therein.

14. With respect to paragraph 21, Defendant admits receiving letters dated July 25 and July 26, 2008 from the attorneys representing the Savages making certain settlement demands and statements, which letters speak for themselves.

15. With respect to paragraph 23, Defendant admits that it knew at all material times that the damages caused by the Guys would exceed the $25,000 policy limit and that the Guys were at risk of liability far in excess of the policy limit as the result of their actions, and denies all remaining allegations contained therein.

16. With respect to the allegations contained in paragraph 24, Mendakota admits that it did not notify the Guys of the settlement demand of the Savages until it sent a letter dated August 5, 2008 to the Guys, and admits that it sent a rejection of the demand prior to sending the August 5, 2008 letter to the Guys, and denies all remaining allegations contained therein.

17. With respect to the allegations contained in paragraph 26 , 28 and 50 Mendakota admits that the letter of August 5, 2008 attached to the Amended Complaint as Exhibit 1 was sent to the Guys, admits that the letter says what it says, affirmatively states that the letter speaks for itself and denies the remaining allegations contained therein.

18. With respect to the allegations contained in paragraph 29 and 30, Defendant admits that it filed the civil action referenced therein was commenced on the date alleged; admits that the Guys and Savages were named as defendants in that civil action, and affirmatively states that the Second Amended Complaint filed in that civil action attached to the Amended Complaint in this action as Exhibit 2 speaks for itself.

19. With respect to the allegations contained in paragraph 33, Defendant admits, upon information and belief, that Plaintiffs suffered emotional distress and were sued by the Savages resulting in a judgment against them and post-judgment execution thereon, but denies that the same were the result of the actions of Defendant and denies all remaining allegations contained therein.

20. With respect to the allegations contained in paragraph 34, Defendant admits that in December 2009, the Savages made a settlement demand that would have resolved all claims against cross-claim defendants in the civil action in state court, and denies all remaining allegations contained thererin.

21. With respect to the allegations contained in paragraph 35, Defendant admits the allegations contained in the first sentence of that paragraph, and denies all remaining allegations contained therein.

22. With respect to the allegations contained in paragraph 46, Defendant admits the existence of the March 23, 2010 letter which speaks for itself.

23. With respect to the allegations contained in paragraph 47, Defendant admits that it did not post a supersedeas bond; denies the existence of any duty to do so, and denies all remaining allegations contained therein.

4

24. With respect to the allegations contained in paragraph 48, Defendant admits upon information and belief that the Savages began efforts to execute on the judgment entered in their favor and against the Guys but denies that the efforts to execute were the result of the absence of a supersedeas bond.

25. With respect to the allegations contained in paragraph 49, Defendant admits upon information and belief that the Plaintiffs and the Savages entered into an agreement whereby the Savages agreed, among other things, to stop execution efforts in exchange for an assignment of proceeds, if any, from this action. The agreement speaks for itself. Defendant further affirmatively states that the assignment of proceeds is immaterial and impertinent to the issues in this action.

26. With respect to paragraph 56, Defendant admits that the insurance policy in issue constitutes a contract between the parties and denies all remaining allegations contained therein.

27. With respect to paragraph 55, Defendant incorporates its previous admissions, denials and responses as if set forth verbatim.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's claims are barred by the provisions of C.R.C.P. 13(a) and the rules of issue and claim preclusion.

WHEREFORE Defendant seeks the following relief:

A. For judgment in its favor dismissing this action with prejudice;

B. For costs;

5

  C. For such other relief as to the Court seems proper.

## JURY DEMAND

Defendant demands trial by jury on all issues so triable.

            Respectfully submitted,


            *s/William B. Stanton*
            Jon F. Sands
            William B. Stanton
            Sweetbaum, Levin & Sands, P.C.
            1125 Seventeenth Street, Suite 2100
            Denver, Colorado 80202
            Phone:  (303) 296-3377
            Fax:  (303) 296-7343
            jsands@sweetbaumlevinsands.com
            wstanton@sweetbaumlevinsands.com


            ATTORNEYS FOR DEFENDANT
            MENDAKOTA INSURANCE COMPANY

## CERTIFICATE OF SERVICE

  I hereby certify that on November 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

tlr@robertslevin.com
mjr@robertslevin.com
ars@robertslevin.com
rkaudy@kaudylaw.com

            *s/ William B. Stanton*
            Jon F. Sands
            William B. Stanton
            Attorneys for Defendant
            Sweetbaum, Levin & Sands, P.C.
            1125 Seventeenth Street, Suite 2100
            Denver, Colorado 80202
            Phone:  (303) 296-3377
            Fax:  (303) 296-7343